In re Harry E. WEBBER, II, and Teresa Webber d/b/a Hoffmeyer Refrigeration Co., Debtors.

Louis L. DARKO, Trustee, Plaintiff,

v.

James R. HOFFMEYER, Defendant.

Bankruptcy No. IP82–1349.
Adv. No. 82–1117.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

April 29, 1983.

Deborah J. Shook, Rubin & Levin, Indianapolis, Ind., for trustee/plaintiff.

Philip R. McGovern, Indianapolis, Ind., for defendant.

Louis L. Darko, Indianapolis, Ind., Successor Trustee.

ENTRY

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court upon a Complaint filed by the plaintiff/trustee, Louis L. Darko ("Trustee"), pursuant to Section 547(b) of the Bankruptcy Reform Act of 1978 ("Code"). The Trustee and the defendant, James R. Hoffmeyer, have filed respectively a Memorandum of Law and Defendant's Brief in support of their positions and have also filed a Stipulations (sic) of Fact. Based thereon, the Court hereby makes the following

FINDINGS OF FACT

1. On or about October 25, 1978, Harry E. Webber, II, and Teresa Webber d/b/a Hoffmeyer Refrigeration Co. ("Debtors") entered into an Agreement for the purchase of Hoffmeyer Refrigeration Co. from James R. Hoffmeyer ("Hoffmeyer").

2. Article VII of that Agreement provides in pertinent part:

The parties specifically agree that the Seller shall retain title and all legal incidence of ownership of the equipment listed in "Exhibit A", until such time as the Purchaser has paid the balance of the purchase price in full, and that, should the Purchaser desire to sell any of such equipment during the term of this agreement or substitute other equipment for those listed in Exhibit "A", the total sales price shall be paid to the Seller and credited upon the balance then owing.

3. At the time the Agreement was executed, there was a total purchase price due of $18,250.00 to be paid as follows: a down payment of $500.00 to be made on October 15, 1978; a payment of $500.00 to be made on November 15, 1978; and the balance of $17,250.00 to be paid in equal monthly installments to be paid over a period not to exceed 10 years from the date of the execution of said Agreement.

4. In December, 1981, Debtors ceased operations.

5. From that time on, no cash payments were made to Hoffmeyer pursuant to the Agreement.

6. On or about March 7, 1982, Debtors allowed the defendant to repossess certain tools, equipment, goods and stock in trade which the debtors were purchasing pursuant to the Agreement.

7. On the date of repossession Debtors owed Hoffmeyer $12,981.00 pursuant to the Agreement.

8. The repossession by Hoffmeyer took place within 90 days prior to Debtors' filing of a Chapter 7 petition in bankruptcy on April 7, 1982.

9. No financing statements were executed by Debtors as required by the Agreement, and no financing statements were filed with the Secretary of State's office with regard to the repossessed property by the defendant.

10. On or about March 7, 1982, Debtors were insolvent.

11. The property repossessed by Hoffmeyer had an approximate value of $1,925.00 and is itemized in "Exhibit B" attached to the parties" Stipulations (sic) of Fact.

12. None of the items repossessed by Hoffmeyer had or required certificates of title.

13. The instant action by the Trustee against Hoffmeyer is the only known asset of the estate; it presently appears there will be no dividend to unsecured creditors.

Based upon the foregoing the Court hereby makes the following

## CONCLUSIONS OF LAW

The issue before the Court is whether the repossession of the subject property by Hoffmeyer constituted a preference voidable pursuant to § 547(b) of the Code.

Hoffmeyer takes the position that according to § 547(b) of the Code, only a preferential transfer of "property of the debtor," can be avoided, and since Hoffmeyer retained title to the subject property, it never became property of the Debt-

ors. Therefore, the argument continues, no preferential transfer occurred. The Trustee maintains that the retention of title by Hoffmeyer pursuant to Article VII of the Agreement was nothing more than a retention of a security interest, and that repossession constituted a perfection of that security interest. According to the Trustee, the perfection by Hoffmeyer of his security interest within 90 days of bankruptcy constituted a voidable preference.

The instant controversy is governed by Articles 2 and 9 of the Uniform Commercial Code ("UCC"). Ind.Code Ann. §§ 26–1–2–101 to 725 and §§ 26–1–9–101 to 507 (Burns 1974). Ind.Code Ann. §§ 26–1–2–401(1) provides that "[a] retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest." "Thus, the legal effect of retention of title by a seller is only the reservation of a security interest and therefore, the seller must comply with the provisions of Article 9, wherein § 19–9–202 [Ind. Code Ann. § 26–1–9–202 (Burns 1974) ] specifically states that each provision of the article applies whether title to the collateral is in the secured party or the debtor." *First National Bank of Elkhart County v. Dwight Smoker d/b/a Smoker Farms,* 153 Ind.App. 71, 286 N.E.2d 203 (1972).

The repossession of the subject property by Hoffmeyer constituted a perfection of his security interest in that property. Ind. Code Ann. § 26–1–9–305 (Burns 1974). As a general rule, the perfection of a security interest is a transfer which may be avoided if the requirements of § 547(b) of the Code are met.

The instant facts indicate that the requirements of § 547(b) of the Code have been met. The Court finds, therefore, that the repossession of the subject property constituted a preference.

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. Judgment is hereby granted on behalf of the plaintiff, Louis L. Darko, Trus-

tee, against the defendant, James R. Hoffmeyer; and

2. The defendant, James R. Hoffmeyer, return the tools, equipment, goods and stock in trade repossessed by the defendant, or in the alternative tender the sum of $1,925.00 together with interest from the date of the filing of the Trustee's Complaint to the Trustee.